UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

**CV08- 07284   GW   (CTx)**

| | |
|---|---|
| UNITED STATES OF AMERICA, and MARK DeFATTA QUI TAM <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE, INC. (OHIO) and UNITED PARCEL SERVICE, INC. (NEW YORK), <br><br> Defendants | ) CASE NO. <br> ) <br> ) **FALSE CLAIMS COMPLAINT** <br> ) **PURSUANT TO 31 U.S.C. §3729 ET** <br> ) **SEQ; FILED UNDER SEAL** <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

COMES NOW Plaintiff United States of America ("USA") and Qui Tam Plaintiff Mark DeFatta ("DeFatta") and file this complaint under the False Claims Act, 31 U.S.C. §3729-3733 (the "FCA") against Defendants United Parcel Service, Inc., United Parcel Service, Inc. (Ohio), Inc. and United Parcel Service, Inc. (New York) (collectively referred to herein as "UPS").

## I.   FACTUAL BACKGROUND: UPS' WRONGFUL AIR-IN-GROUND SCHEME

1.   For more than a decade, UPS has sold to USA expensive air shipping services for packages shipped by the USA. Rather than provide the purchased air shipping service, UPS fraudulently and systematically provided USA a much cheaper service -- transporting USA's packages by ground truck. This systematic fraud has damaged USA by tens of millions of dollars.

2.   This action is to recover damages and civil penalties on behalf of USA arising from false and fraudulent claims by UPS to USA for approval and payment of air shipping charges for packages that were actually sent by ground. These claims arise out of contracts for air shipment between UPS and USA. UPS materially breached these contracts by (a) shipping packages by ground rather than air, and (b) by misrepresenting the material fact that packages were sent by air, when in fact, UPS shipped those packages by ground. UPS knowingly and fraudulently charged USA for substantially more expensive air shipping, which UPS did not provide to USA.

3.   This action also seeks to recover damages and civil penalties on behalf of USA for making and submitting false records or statements to obtain approval and payment of false or fraudulent billings for air shipments actually sent by ground. These records include shipping documents submitted by UPS to USA that falsely reflect shipment by air and fraudulent bills for such shipments. Both claims are based upon UPS' violation of 31 U.S.C. §3729.

4.   The Qui Tam Plaintiff, DeFatta, is a long time employee of UPS in Shreveport, Louisiana. He has personal knowledge of these fraudulent practices and has provided documentary evidence demonstrating this systematic fraud. DeFatta is an "original source" under the FCA pursuant to 31 U.S.C. §3729 et seq and has direct, personal and independent knowledge of the facts alleged herein.

**5.** Pursuant to 31 U.S.C. §3731(b), this Complaint is properly initiated within the applicable statute of limitations.

**6.** UPS offers, among other transportation service options, Next Day Air and 2nd Day Air delivery for packages (hereinafter referred to respectively as "Next Day Air" and "2nd Day Air"). Alternatively, UPS offers customers the option of ground delivery of packages by truck without any shipment by aircraft ("ground delivery" or "ground service"). Charges for Next Day Air and 2nd Day Air are substantially more expensive than ground delivery.

**7.** In or about 1995, UPS developed a program for delivering air packages by ground delivery to significantly reduce capital costs and other expenses associated with acquisition and operation of aircraft and, in turn, to greatly increase UPS' profits.

**8.** The scheme to divert air packages to ground delivery is known internally at UPS as the "Air-In-Ground" program.

**9.** Through the Air-In-Ground program, UPS knowingly and fraudulently caused USA to select and pay for the transportation option classified as Next Day Air and 2nd Day Air at shipping rates significantly higher than ground delivery. UPS then fraudulently provided transportation by ground truck.

**10.** The key to UPS' fraudulent system are "Sort Charts." Sort Charts are provided by UPS to its employees in order to identify those packages to be diverted under the Air-In-Ground program. In substance, the Sort Charts are a compilation of zip codes that are different for each geographically distinct UPS center. For those zip codes listed on a given Sort Chart, UPS requires its employees to divert every package from the customer-selected air transport to ground transport. Indeed, despite selling the customer Next Day Air or 2nd Day Air Service, in actuality, UPS does not provide air transport services for certain zip code combinations listed on its Sort Charts. These Sort Charts are hung on the walls or inside specific trucks so UPS employees sorting packages can identify the Next Day Air and 2nd Day Air

3

1  packages that will be diverted to ground shipment.

2  **11.**   The Air-In-Ground program and requisite Sort Charts were developed

3  and implemented by UPS' Industrial Engineering (IE) Department in or about 1995.

4  **12.**   When a customer, including the USA, sends a package through UPS,

5  the UPS representative enters the shipper's zip code, the final destination zip code,

6  and whether the customer purchased air or ground delivery into UPS' computerized

7  system at the time the package is picked up or dropped off for shipping.  Based on

8  the zip codes, the Sort Charts are consulted to determine which air packages can be

9  diverted to ground and arrive at the destination within the time specified.  All the

10  information necessary to identify the Next Day Air and 2nd Day Air packages that

11  will be diverted to ground pursuant to the Air-In-Ground program is in the UPS

12  computer system when the package first arrives at UPS Centers throughout the

13  United States for sorting to airplane or truck.

14  **13.**   When a customer, including USA, purchases an air shipment level of

15  service addressed to a zip code pre-designated for ground delivery under UPS' Sort

16  Charts, the package will not be delivered by air.  UPS intentionally, regularly and

17  systematically diverts packages to these pre-designated zip codes to ground service,

18  rather than air, pursuant to UPS' fraudulent Air-In-Ground program, thereby

19  providing a level of service different from the air shipment level of service

20  contracted for by USA.

21  **14.**   UPS has submitted false or fraudulent claims to USA for purported

22  Next Day Air and 2nd Day Air shipments, which were wrongfully diverted through

23  the Air-In-Ground program on a continuous basis since 1995, and USA has paid

24  such claims.

25  **15.**   At all material times, UPS suppressed and concealed the true facts

26  relating to the Air-In-Ground program.  For example, USA, as the shipper, can track

27  the present status of a shipment on the UPS website but the publicly available

28  information does not disclose to USA whether the package was sent by air or

4

1    ground.  In contrast, UPS' internal tracking system shows whether an air contract

2    shipment was sent by air or ground.  This allows UPS to track the number of USA

3    air shipments which are wrongfully diverted through the Air-In-Ground program.

4        **16.**    UPS acknowledges in its internal documents that air shipments and

5    ground shipments represent different levels of service.  UPS assesses and collects

6    charges for air shipment that are much greater than the charges for ground shipment.

7    UPS collects the higher air shipment charges for USA packages diverted through

8    the Air-In-Ground program without disclosing to USA that UPS is providing a

9    much less expensive level of service.

10       **17.**    UPS compounded the nature and extent of its misconduct and fraud

11   beginning in or about 2000.  Specifically, at that time, UPS began assessing aviation

12   fuel surcharges ("aviation surcharges") for air shipments and diesel fuel surcharges

13   ("diesel surcharges") for ground shipments.  Under the Air-In-Ground program,

14   UPS assesses a very high aviation fuel surcharge to customers selecting First or 2nd

15   Day Air service, including when a package is shipped by truck and not airplane.

16   The customer who purchases air service is charged for aviation fuel despite the fact

17   that UPS has pre-determined that a package will not travel by airplane pursuant to

18   the Air-In-Ground program.  This additional fraudulent overcharge became part of

19   the UPS scheme beginning in or about 2000.

20       **18.**    On some shipments by USA, UPS fraudulently assesses the aviation

21   fuel surcharge.  On other shipments that fuel surcharge is waived.  Even when

22   waived, however, the UPS bills are presented in such a way as to conceal its

23   fraudulent scheme.

24       **19.**    Some of the bills submitted by UPS for air shipments to USA reflect

25   aviation surcharges, even when the shipment was sent by ground, but also show a

26   credit for that aviation surcharge.  Thus, in those instances, USA was not actually

27   charged aviation surcharges.  However, to perpetuate and to continue to conceal its

28   Air-In-Ground scheme when UPS began assessing aviation surcharges, UPS had to

reflect aviation surcharges for air shipments which were, in fact, sent by ground. Otherwise, the assessment of a ground diesel fuel charge for a purported air shipment package would have revealed the Air-In-Ground scheme. In other instances, USA was actually fraudulently charged and paid the aviation fuel surcharge under certain contracts.

20.    Even in those instances when USA is not assessed an aviation fuel surcharge, the appearance of the aviation surcharge on UPS' bills to USA constitutes a further misrepresentation that these packages were, in fact, sent by air and serves to further perpetuate and conceal UPS' Air-In-Ground scheme.

21.    The Air-In-Ground program has resulted in false or fraudulent claims and overcharges by UPS to USA. USA has paid these false or fraudulent charges which total millions of dollars. Further details of the fraud are set forth in the Relator's Written Disclosure of Substantially All Material Evidence and Information and attachments one through eighteen thereto submitted to the Government pursuant to 31 U.S.C. 3730(b)(2), and incorporated herein.

22.    The Air-in-Ground program also has resulted in false or fraudulent claims and overcharges by UPS to civil shippers for packages wrongfully diverted to ground delivery and for aviation fuel surcharges. UPS knows that many of these civil shippers send letters and packages through UPS to the USA and that the false and fraudulent claims and overcharges are included in billings by the civil shippers to the USA on a "pass through" basis. UPS also knows that the USA pays such civil shippers   billings which include such false or fraudulent claims and overcharges.

## II.    PARTIES

23.    Plaintiff and Relator DeFatta is a resident and citizen of Shreveport, Louisiana and a current employee of UPS in that city.

24.    Defendant UPS is a corporation incorporated under the laws of the

State of Delaware and has its principal place of business in Atlanta, Georgia. UPS is, by its own description, the "world's largest package delivery company." In 2007, UPS delivered an average of 15.5 million individual shipments per day worldwide and UPS' total revenue was approximately $50 billion in 2007.

25.     United Parcel Service, Inc. (Ohio) is an Ohio corporation ("UPS/OH") with its principal place of business in Atlanta, Georgia. At times relevant hereto, UPS/OH provided package pickup and delivery services in the central and western region of the United States. UPS/OH is a wholly owned subsidiary of UPS. UPS/OH wrongfully participated in the Air-In-Ground program, and the wrongful diversion of air shipment packages to ground delivery, which is the basis of this Complaint.

26.     United Parcel Service, Inc. (New York) is a New York corporation ("UPS/NY") with its principal place of business in Atlanta, Georgia. At times relevant hereto, UPS/NY provided package pickup and delivery services in the eastern region of the United States. UPS/NY is a wholly owned subsidiary of UPS. UPS/NY wrongfully participated in the Air-In-Ground program, and the wrongful diversion of air shipment packages to ground delivery, which is the basis of this Complaint.

27.     UPS/OH and UPS/NY have acted as agents of the parent, UPS, and their wrongful actions within the scope of such agency are imputable and chargeable to UPS. UPS, UPS/OH, and UPS/NY are hereafter collectively referred to as "UPS".

### III.   JURISDICTION AND VENUE

28.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 31 U.S.C. §3730, which specifically confers jurisdiction on this Court for actions brought under the FCA.

29.     This Court has personal jurisdiction over UPS pursuant to 31 U.S.C.

§3732(a) which provides that "any action under §3730 may be brought in any judicial district in which UPS can be found, resides, transacts business or in which any act prescribed by §3729 occurred". Section 3732(a) also authorizes nationwide service of process. During the relevant period of time, UPS transacted extensive business in this judicial district and throughout the state of California and submitted false claims to USA in California within the meaning of 31 U.S.C. §3729.

**30.** Venue is proper in this district pursuant to 31 U.S.C. §3732(a) because UPS can be found in, resides in and transacts extensive business in this district and throughout the state of California and, many of the violations of 31 U.S.C. §3729 described herein occurred within this judicial district.

## IV.   INVOLVEMENT AND KNOWLEDGE OF THE RELATOR

**31.** The Relator, DeFatta, has been employed on a continuous basis by UPS in Shreveport, Louisiana since 1990 at, or in support of, the UPS facility known as the "Shreveport Center." The Shreveport Center and other UPS Centers located throughout the United States sort packages and directly participate in the diversion of air shipments to ground delivery on a pre-determined basis pursuant to the Air-In-Ground program.

**32.** In September of 1989, DeFatta was first hired as a temporary UPS employee for their holiday peak season as a "Package Car Driver". He became a permanent employee on February 5, 1990. From July 8, 1991 to January 2, 1996, DeFatta was employed at the Shreveport Center as an "On Road Supervisor". On January 2, 1996, DeFatta took a temporary assignment which involved analysis of "Time in Transit". Time In Transit is a system by which UPS determines the length of time necessary to deliver a package from origin to destination. From April 1997 to May 1999, DeFatta was the UPS AM Gateway Supervisor at the Shreveport Airport. While working as the AM Gateway Supervisor, he learned that UPS was deliberately and systematically diverting air packages to ground delivery. From

8

1   May 1999 to January 2002, DeFatta was an On Road Supervisor.  From January

2   2002 to September 2002, he was a "Midnight Hub Supervisor" in charge of the

3   midnight sort operation at the Shreveport Center.  From September 2002 to June

4   2003, DeFatta returned to the position of AM Gateway Supervisor at the Shreveport

5   Airport.  From June 2003 to May 2005, he was an On Road Supervisor. In May

6   2005, UPS created a new position called "Package Dispatch Supervisor" ("PDS").

7   The PDS Supervisor was responsible for implementing UPS' new system called

8   "Preload Assist System" ("PAS").  DeFatta has been the PDS Supervisor since May

9   2005 and that is his current position.

10          **33.**    On July 10, 1997, DeFatta received a chart which identified Next Day

11  Air packages diverted to the Air-In-Ground program in each of the then-applicable

12  regions designated by UPS throughout the United States (e.g. East, North Central,

13  Pacific).

14          **34.**    Also on July 10, 1997, DeFatta received a May, 1997 report titled "Air-

15  In-Ground Volume Analysis" from a UPS department or unit identified as

16  "intermodal control".  This report reflects the results for Next Day Air and 2nd Day

17  Air under the Air-In-Ground program in the UPS regions and districts throughout

18  the United States.

19          **35.**    As a direct result of his employment with UPS at the Shreveport Center

20  and Shreveport Airport, DeFatta has actual firsthand knowledge of UPS' Air-In-

21  Ground program.

22  **V.    SPECIFIC EXAMPLES OF DIVERSION OF USA AIR SHIPMENTS TO AIR-IN-**

23  **GROUND PROGRAM**

24

25          **36.**    On July 11, 2008, an Internal Revenue Service office in Shreveport,

26  Louisiana purchased a "Next Day Air" shipment (Tracking No.

27  1Z31E34E0198964032; Shipper No. 31E34E).  The package was delivered in Baton

28  Rouge, Louisiana on July 14, 2008.  In this instance, USA purchased air shipment;

1  UPS submitted a false claim for <u>air</u> shipment, but the package was transported by
2  <u>ground</u>.

3      **37.**    On July 16, 2008, the Federal Deposit Insurance Corporation (FDIC) in
4  Shreveport, Louisiana purchased a "2nd Day Air" shipment (Tracking No.
5  1Z3Y21X602990810 06; Shipper No. 3Y21X6).  The package was delivered in
6  Dallas, Texas on July 17, 2008.  In this instance, USA purchased air shipment; UPS
7  submitted a false claim for <u>air</u> shipment, but the package was transported by <u>ground</u>.

8      **38.**    On June 25, 2008, the Federal Deposit Insurance Corporation (FDIC)
9  in Shreveport, Louisiana purchased a "2nd Day Air" shipment (Tracking No.
10  1Z3Y21X60296884163; Shipper No. 3Y21X6).  The package was delivered in
11  Baton Rouge, Louisiana on June 26, 2008.  In this instance, USA purchased air
12  shipment; UPS submitted a false claim for <u>air</u> shipment, but the package was
13  transported by <u>ground</u>.

14      **39.**    On June 25, 2008, the Barksdale Air Force Base in Louisiana
15  purchased a "2nd Day Air" shipment (Tracking No. 1Z7038930280457140; Shipper
16  No. 703893).  The package was delivered to Timber Air Force Base in Oklahoma
17  City, Oklahoma on June 27, 2008.  In this instance, USA purchased air shipment;
18  UPS submitted a false claim for <u>air</u> shipment, but the package was transported by
19  <u>ground</u>.

20      **40.**    The Air-In-Ground program described above is an ongoing practice
21  and occurs on a daily basis throughout the United States.

22      **41.**    DeFatta has been continuously employed at UPS in Shreveport,
23  Louisiana since February 5, 1990.  DeFatta has direct and independent knowledge
24  of the described fraudulent misconduct because he has seen it with his own eyes.

25  **COUNT I**

26      **42.**    Plaintiffs restate and incorporate herein the allegations of paragraphs 1
27  through 41.

28      **43.**    The Federal False Claims Act, 31 U.S.C. 3729, specifically provides,

1   in part:

2        (a)(1) that liability exists for any person who knowingly presents, or causes to

3   be presented, to an officer or employee of the United States Government, or a

4   member of the Armed Forces of the United States a false or fraudulent claim for

5   payment or approval;

6        (a)(2) knowingly makes, uses, or causes to be made or used, a false record or

7   statement to get a false or fraudulent claim paid or approved by the Government;

8        (a)(3) conspires to defraud the Government by getting a false or fraudulent

9   claim allowed or paid.

10       **44.**    UPS has contracted with numerous agencies of USA, including, but not

11  limited to, the IRS, the FDIC, and the United States Military.  USA agencies

12  purchased air shipments and the internal UPS tracking documents confirm the

13  shipments were sent by ground instead of by air pursuant to the Air-In-Ground

14  program.  UPS systematically and consistently applied the Air-In-Ground program

15  to USA on a national basis.

16       **45.**    As a direct result of the fraudulent Air-In-Ground program, UPS and

17  its agents and employees have knowingly and intentionally presented and caused to

18  be presented to USA false and fraudulent claims, records and statements assessing

19  significantly higher charges for Next Day Air shipment and 2nd Day Air shipment of

20  packages which were actually delivered by ground.

21       **46.**    USA did not know and could not reasonably have known that packages

22  for which it purchased air service were actually shipped by ground.

23       **47.**    UPS concealed the Air-In-Ground program from USA and,

24  specifically, concealed and failed to disclose the fact that many of the packages

25  designated and paid by USA for air shipment were, in fact, delivered by ground

26  transportation.

27       **48.**    USA has been damaged and overcharged by millions of dollars as a

28  result of UPS's Air-In-Ground scheme.  USA has paid UPS significantly higher

charges for Next Day Air and 2nd Day Air shipments under the false and fraudulent pretense that the packages would be shipped by air, but were not.

49.    Defendant UPS' false or fraudulent Air-In-Ground scheme has resulted in the actual submission by UPS to USA of false and fraudulent claims for payment for packages designated for air shipment level of service which were, in fact, transported by ground in violation of 31 U.S.C. §3729(a)(1).

50.    UPS has utilized false records or statements to get its false or fraudulent claims paid by USA in violation of 31 U.S.C. §3729(a)(2).

51.    UPS' violations of said sections of 31 U.S.C. §3729 have been knowing and intentional and have directly and proximately caused USA to overpay UPS by millions of dollars for package shipments for which USA contracted with UPS for the air shipment level of service, but which UPS actually shipped by ground. These overcharges and payments of such overcharges by USA represent actual damages to USA which it is entitled to recover from UPS.

### **Damages and Claims for Relief**

WHEREFORE, Plaintiffs respectfully request judgment and ask for relief as follows:

    a) that Plaintiff USA be awarded judgment against UPS, UPS/NY and UPS/OH in such an amount as the evidence may show, for violation of 31 U.S.C. §3729 including, but not limited to, actual damages proximately caused by UPS' false and/or fraudulent submission of claims for payment and/or approval;

    b) that Plaintiff USA be awarded judgment against UPS for civil penalties of not less than five thousand five hundred dollars ($5,500.00) and not more than eleven thousand dollars ($11,000.00) per false claim or act, plus three times of the amount of damages which Plaintiff USA sustained as UPS' false and/or fraudulent claims in violation of 31 U.S.C. §3729 et seq;

12

c) that Plaintiff USA and Qui Tam Plaintiff DeFatta be awarded all costs of court, related expenses and reasonable attorneys' fees, and that Qui Tam Plaintiff DeFatta be awarded a percentage of all such amounts recovered or collected by Plaintiff USA against Defendant UPS in accordance with 31 U.S.C. §3730; and,

d) that Plaintiffs be awarded any and all other and additional relief as this Court may deem just and appropriate.

Dated: October 30, 2008

**McNULTY LAW FIRM**

By: _____
Peter J. McNulty
Attorneys for Plaintiffs
McNulty Law Firm
827 Moraga Drive
Los Angeles, CA 90049
Telephone: (310) 471-2707

Paul R. Alanis
Loren S. Ostrow
Alanis & Ostrow
105 S. Los Robles Avenue
Suite 665
Pasadena, CA 91101
Telephone: (626) 449-8700

Kirk D. Tresemer
Irwin & Boesen, PC
501 S. Cherry Street
Suite 500
Denver, CO 80246
Telephone: (303) 320-1911

13

Jonathan H. Waller
Waller Law Office PC
2140 11th Avenue South
Suite 222
Birmingham, Alabama 35205
Telephone: (205) 933-5421

Matthew J. Geragos
Geragos Law Group
105 S. Los Robles Avenue
Suite 665
Pasadena, CA 91101
Telephone: (626) 449-8700

Stephen C. Neal
Scott D. Devereaux
Kathleen H. Goodhart
Cooley Godward Kronish, LLP
Five Palo Alto Square
Palo Alto, CA 94306
Telephone: (415) 843-5000

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand trial by jury as to all causes of action.

Dated: October 3o, 2008                **McNULTY LAW FIRM**

By: _____
Peter J. McNulty
Attorneys for Plaintiffs